**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4422**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL RICHARD FELDER, JR., a/k/a Rab,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-99-751)

Submitted: August 26, 2005          Decided: October 18, 2005

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, L.L.C., Greenville, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On May 17, 2000, Carl Richard Felder, Jr., pled guilty to conspiracy to possess with intent to distribute and distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846. On July 6, 2000, after pleading guilty and awaiting sentencing, Felder violated his bond by fleeing his residence and becoming a fugitive. Felder was apprehended by the U.S. Marshals Service on June 3, 2002. On October 16, 2002, Felder was sentenced to 240 months' imprisonment. On appeal, we vacated the district court's judgment and remanded for reconsideration of whether Felder qualified as a career offender and, if not, resentencing. See United States v. Felder, Nos. 02-4858, 02-4922, 2004 WL 728197 (4th Cir. Apr. 6, 2004) (unpublished).

On remand, a revised Presentence Report ("PSR") was prepared. The PSR recommended, as it had before, adding two levels to the base offense level for obstruction of justice under U.S. Sentencing Guidelines § 3C1.1, which provides in application note 4(e) that obstruction of justice includes "escaping or attempting to escape from custody before trial or sentencing." No objections were made to the PSR. The court concluded Felder was not a career offender and sentenced him to 72 months' imprisonment.

In this second appeal, Felder asserts his sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004), the precursor to United States v. Booker, 125 S. Ct. 738

(2005). Felder argues that because a jury did not determine the factual basis for the obstruction of justice enhancement and he did not admit to the underlying facts supporting the enhancement, the sentence violates the Sixth Amendment. After thoroughly reviewing the record, we conclude Felder did admit to the underlying facts supporting the enhancement and the sentence therefore does not violate the Sixth Amendment.

Booker applies to all cases pending on direct review at the time it was decided. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court, violated the Sixth Amendment. Booker, 125 S. Ct. at 746 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-57 (Breyer, J., opinion of the Court)); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and

18 U.S.C. § 3553(a) (2000), and impose a sentence. If a court imposes a sentence outside the guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 125 S. Ct. at 769).

Because Felder did not preserve a Booker claim in the district court, his constitutional claims under Blakely and Booker are reviewed for plain error. Hughes, 401 F.3d at 547. To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); Hughes, 401 F.3d at 547-48. If a defendant establishes these requirements, "[o]ur discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

We conclude the district court did not plainly err in applying the obstruction of justice enhancement. Olano, 507 U.S. at 731-32; Hughes, 401 F.3d at 546-47, 556. At sentencing, Felder's counsel stated, "[w]hat the Government said is correct, and he was on bond and was a fugitive until sometime later when he

was apprehended." Felder's counsel further argued that Felder had been punished enough for being a fugitive. She stated that if Felder had not been a fugitive, he would not have had the two-level increase in his offense level for obstruction of justice, and he would have been entitled to a decrease of three levels for acceptance of responsibility. Furthermore, in his appellate brief, Felder acknowledges that he fled his residence and was a fugitive. We therefore conclude Felder admitted to the facts supporting the obstruction of justice enhancement and there is no Sixth Amendment violation. Booker, 125 S. Ct. at 746.

We next consider whether the court plainly erred by applying the sentencing guidelines as mandatory and whether Felder demonstrates such error affected his substantial rights. See United States v. White, 405 F.3d 208, 223 n.10 (4th Cir. 2005) (citing Hughes, 401 F.3d at 551); see also Olano, 507 U.S. at 734-35. We conclude that Felder fails to make such a showing. The court sentenced Felder in the middle of the applicable guidelines range. Moreover, the court did not indicate a sentence below the guidelines range was appropriate. Accordingly, there is no non-speculative basis for concluding that the district court would have imposed a shorter sentence on Felder had it known that the guidelines should not have been applied in a mandatory fashion. Therefore, we conclude the error, even if plain, did not affect Felder's substantial rights.

Accordingly, we affirm Felder's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED